UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 23-cr-374-001 (CRC) |
| v. | : | |
| RICARDO LUCAS a/k/a "Gucci", | : | |
| Defendant. | : | |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully files the following Memorandum in Aid of Sentencing.

On July 1, 2024, Defendant Ricardo Lucas a/k/a "Gucci" pled guilty to a one-count Superseding Information, charging him with unlawful distribution of a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Pursuant to the terms of the Plea Agreement, Defendant Lucas admitted that he is accountable for less than 50 grams of cocaine. Based on a Criminal History Category of II and a Total Offense Level of 10, the PSR and Plea Agreement calculate Defendant Lucas' sentencing Guidelines Range from 8-14 months of imprisonment.

Based on the 3553(a) factors, the government requests the Court sentence the defendant to 14 months of imprisonment followed by 36 months (3 years) of supervised release. In support thereof, the government respectfully submits the following:

## FACTUAL AND PROCEDURAL BACKGROUND

As outlined in the PSR [ECF, doc 37], on the morning of January 28, 2022, and in the days thereafter, Emergency Medical Services (EMS) and Metropolitan Police Department (MPD) officers responded to what can only be described as a mass casualty event involving approximately nine fatal and five non-fatal opioid overdoses, all occurring in the same area of the southwest quadrant of Washington, DC. The Drug Enforcement Administration (DEA) conducted analysis of some of the capsules and detected the presence of Para-Flurofentanyl and cocaine in at least four capsules. PSR, ¶ 18.

Based on the tight geographical cluster of the overdoses, the short time between the overdoses, and the similar capsules found on several overdose scenes, MPD suspected that all of the drugs were distributed from the same supplier or suppliers operating from Southwest, Washington, DC. Law enforcement identified two individuals, Sheldon Marbley and Shameka Hayes,[1] involved in supplying the drugs that led to the mass overdoses. During the course of the investigation, Defendant Lucas was identified as one supplier of narcotics to Marbley and Hayes. PSR, ¶ 19.

On October 26, 2023, a federal grand jury empaneled in the District of Columbia returned a two-count Indictment charging Ricardo Lucas, also known as "Gucci," and Antywon Cosby, also known as "Twon,"[2] with Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, in violation of 21 USC §§ 846, 841(a)(1) and (b)(1)(C) (Counts 1 and 2).

On December 13, 2023, the defendant was arrested on the indictment during a search warrant at his and his sister's residence in Waldorf, Maryland. During a search of the residence,

---

[1] *See United States v. Marbley and Hayes*, 1:22-CR-00093 (CRC).
[2] On June 12, 2023, the Government moved to dismiss Count 2 of the indictment (charging Antywon Cosby) without prejudice, which the Court granted.

2

agents recovered multiple firearms (including two privately manufactured firearms (PMF or "Ghost Guns"), firearms accessories, ammunition, body army, oxycodone, and drug paraphernalia (consistent with packaging narcotics). During the execution of a search warrant of the Defendant's vehicle, the agents seized an additional privately manufactured firearm (PMF or "ghost gun").

On July 1, 2024, Defendant Ricardo Lucas a/k/a "Gucci" pled guilty to a one-count Superseding Information, charging him with unlawful distribution of a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Pursuant to the terms of the Plea Agreement, Defendant Lucas admitted that he is accountable for less than 50 grams of cocaine and admitted to the following facts:

On or about March 21, 2022, within the District of Columbia and elsewhere Defendant Lucas made arrangements to meet with an individual (Customer-1) for the purpose of selling Customer-1 cocaine. Specifically, the defendant texted Customer-1 and asked, "want me to bring that out with me???" In response, Customer-1 texted, "bring me a half…" and indicated that he would send someone to meet the defendant. In this text conversation, the defendant was asking Customer-1 if he wanted to purchase cocaine. The defendant also understood Customer-1's response, indicating that he wanted a "half," to mean that Customer-1 wanted to purchase a half ounce of cocaine from the defendant. Following this exchange of text messages between Defendant Lucas and Customer-1, the defendant distributed approximately a half ounce (approximately 14 grams) of cocaine to Customer-1 in exchange for approximately $750.00.

## SENTENCING RECOMMENDATION

All of the applicable factors set forth in Title 18 United States Code, Section 3553(a), should be considered by this Court. See United States v. Gall, 128 S.Ct. 586 (2007). These factors include (1) the nature and circumstances of the offense and the history and characteristics

of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines and related Sentencing Commission policy statements; and (4) the need to avoid unwarranted sentence disparities.   18 U.S.C. § 3553(a).

Nature and Circumstances of the Offense

Admittedly, Defendant Lucas has only pled guilty to distribution of less than 50 grams of cocaine; however, it should be noted that Lucas came to the DEA's attention after he was identified as a cocaine supplier to Sheldon Marbley (although there is no evidence that he provided the cocaine/fentanyl the caused the mass overdose event). Over the course of the DEA's investigation, agents uncovered hundreds of phone calls between Marbley and Lucas in the two and half months prior to the mass overdose event.



Then, on March 21, 2022, approximately two months after the mass overdose event, there is evidence (and Lucas has admitted) to supplying half an ounce of cocaine to Customer-1, who has been identified as Marbley.



Although Defendant Lucas has only pled guilty to distributing less than 50 grams of cocaine, what is notable in this case is that Marbley and Hayes used vulnerable drug addicts and users' apartments in furtherance of their operations, as well as intermediaries to pick up their drugs (as they did in this March 21 delivery to which Lucas has pled guilty). Accordingly, there is no doubt that Defendant Lucas saw the devastation, addiction, and consequences of the drugs he was selling, but decided to sell these drugs anyway, for profit. And, although the Defendant has only pled guilty to distribution of cocaine, the evidence from his Instagram account, reveals that he was also selling "jammers" which are typically fake Oxycodone pills, which contain fentanyl, that are having devasting consequences on the Washington D.C. community. In short, Defendant Lucas was knowingly causing harm to the Washington D.C. community by selling cocaine and other drugs to vulnerable, addicted populations. Put simply, his drug dealing is not a victimless crime; his sale of narcotics was causing suffering to members and families of our local community.



Based on his actions, a sentence at the high-end of the Guidelines is warranted.

<u>History and Characteristics of the Defendant</u>

The need for a high-end sentence is further exacerbated by the Defendant's history and characteristics. Indeed, the defendant has prior convictions that include at least two firearms possessions, including an aggravated assault while armed, in which Defendant Lucas used a Tech .22 caliber pistol to shoot a "friend" multiple times, including in the head, upper left chest, right forearm, and hip. PSR, ¶¶ 41-42.

Then, despite being on supervised release for the aggravated assault while armed, Defendant Lucas not only committed the instant offense of drug dealing, but appears to have armed himself with an arsenal of weapons at his Maryland residence—despite having clear knowledge that he is not to possess firearms:

6






Defendant Lucas' continuous criminal activity while on supervised release demonstrates a lack of respect for the rule of law. It demonstrates that unless given a strict sentence, his criminal activity is likely to continue. Accordingly, the Court should impose a sentence at the high-end of the Guidelines.

<u>Need for the Sentence Imposed</u>

Consideration of the factors set forth in Section 3553(a) leads to the conclusion that a period of incarceration followed by supervision is warranted in this case. The recommended sentence of 14 months of incarceration reflects the seriousness of the offense and will serve to protect the community. This sentence strikes the proper balance by acknowledging that the defendant dealt less than 50 grams of cocaine, while also acknowledging that he was contributing to human suffering in his community, committed a previous near-deadly shooting, and possessed firearms and narcotics while on supervised release for committing a heinous and violent act.

The government has considered what would be an appropriate sentence for the defendant, balancing the seriousness of the offense, the need for just punishment, the threat the defendant poses to the community, and the need for adequate deterrence to criminal conduct. Based upon a consideration of all the factors set forth in Title 18, United States Code, Section 3553(a), the government respectfully asks the Court to impose a sentence of incarceration of 14 months followed by three years of supervised release.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

 /s/ David T. Henek
DAVID T. HENEK
Assistant United States Attorney

                                      Violence Reduction and Trafficking Offenses
                                      601 D Street, N.W.
                                      Washington, D.C. 20530
                                      N.Y. Bar No. 5109111
                                      david.t.henek@usdoj.gov
                                      202-252-7825

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, a copy of the foregoing Memorandum (in redacted form) was sent via email to counsel for the defendant.

                                        _/s/ David T. Henek_
                                        DAVID T. HENEK
                                        Assistant U.S. Attorney